IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVIE ROBERSON, PRO SE, § | |
| AKA STEVIE ANDRE ROBERSON, § | |
| TDCJ-CID #1222812, § | |
| Previous TDCJ-CID #490472, § | |
| Previous TDC-CID #632442, § | |
| Previous TDCJ-CID #343368, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:07-CV-0035 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| TIMOTHY SIMMONS, § | |
| NFN DANIELS, § | |
| YVONNE DAVIS, § | |
| COUNSEL SUBSTITUTE, and § | |
| GRIEVANCE INVESTIGATOR, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff STEVIE ROBERSON, also known as STEVIE ANDRE ROBERSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff complains that, on July 4, 2006, he was subjected to unnecessary and excessive force by defendant DAVIS, who then wrote him a false disciplinary case accusing him of threatening to inflict harm on her by turning toward her in an aggressive manner swinging his arms. Plaintiff claims defendant DANIELS, the disciplinary hearing officer, made an arbitrary decision when he found plaintiff guilty, ignoring evidence favorable to plaintiff and accepting

defendant DAVIS' falsified offense report and testimony. Plaintiff states he lost thirty days of goodtime credits, and received a reduction in class to Line 1, with 45 days of recreation, commissary and cell restriction, along with various consequent adverse effects.

Plaintiff claims his COUNSEL SUBSTITUTE rendered ineffective assistance of counsel, and the GRIEVANCE INVESTIGATOR did not properly investigate and satisfactorily resolve his grievances.

Plaintiff also claims defendant QUARTERMAN has "fail[ed] to perform his legal obligation/duties," and defendant SIMMONS has "fail[ed] to properly train officers under his supervision."

Plaintiff requests defendant DAVIS be charged with felony assault and filing a false offense report, defendants DANIELS, COUNSEL SUBSTITUTE, and GRIEVANCE INVESTIGATOR be charged with the violation of the civil rights of a person in custody, and that he be awarded compensatory and punitive damages, along with restoration of all good time, class and custody lost as a result of the disciplinary case. Plaintiff also requests a transfer to a minimum custody facility.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

A favorable decision concerning the claims of excessive force and violation of due process by defendant DAVIS and the claim of due process violations by defendant DANIELS advanced in this cause would call into doubt the validity of the challenged disciplinary case.  Any section 1983 claim which attacks the unconstitutionality of a conviction or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)(section 1983 complainant sought money damages based upon alleged unlawful acts by law enforcement officials that had led to the plaintiff's arrest and conviction); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).  In

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*Edwards v. Balisok*, the Supreme Court extended the application of the *Heck* doctrine to the prison disciplinary setting. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997). Plaintiff's request for a return of lost goodtime, etc. makes clear that he cannot meet the favorable conclusion requirement of *Heck*. Plaintiff's use of force and due process claims asserted in the instant cause clearly fall within the scope of *Heck* and are barred until plaintiff can fulfill the *Heck* requirement. Plaintiff's claims lack an arguable legal basis and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Moreover, malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5$^{th}$Cir. 2003). Thus, plaintiff's claim that defendant DAVIS initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff's claim against his COUNSEL SUBSTITUTE is also frivolous. A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant COUNSEL

SUBSTITUTE lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim that defendant GRIEVANCE INVESTIGATOR failed to properly investigate or satisfactorily resolve his grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant GRIEVANCE INVESTIGATOR lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, given the failure of plaintiff's underlying claims, his claims against defendants QUARTERMAN and SIMMONS are also frivolous.

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff STEVIE ROBERSON, also known as STEVIE ANDRE ROBERSON, is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS 5th  DAY OF JULY, 2007.

    /s/ MARY LOU ROBINSON
    MARY LOU ROBINSON
    UNITED STATES DISTRICT JUDGE